IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 SEP 28 P 5: 09

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | | |
|---|---|---|
| ANTHONY TREMELL CHASE, | * | |
| Petitioner, | * | |
| v. | * | **Civil Action No. GJH-16-723** |
| FRANK BISHOP, ET AL., | * | |
| | * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

On March 4, 2016, Petitioner Anthony Tremell Chase filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 1993 convictions.[1] ECF No. 1. On May 2, 2016, Respondents filed an Answer which solely addresses the timeliness of Chase's application. ECF No. 3. Chase was advised of his opportunity to file a reply, ECF No. 4, and he has now done so. ECF No. 7. For the foregoing reasons, Chase's Petition for Writ of Habeas Corpus is denied.

### I.    BACKGROUND

Chase was convicted by the Circuit Court for Prince George's County, Maryland of first degree murder, kidnapping, and armed robbery of Mary Bernice Edelen, and the attempted first degree murder and kidnapping of Angela Annette Edelen. Chase was also convicted of burglary, unlawful use of a handgun, and related offenses. ECF No. 1; ECF No. 1-1; ECF No. 3-1. On

---

[1] The Petition, received on March 11, 2016, is dated March 4, 2016, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988).

1

May 28, 1993, Chase was sentenced to life without parole plus a consecutive 70 years imprisonment. *Id.*

Chase noted a timely appeal. ECF No. 3-1 at 9.[2] The Court of Special Appeals of Maryland, in an unreported opinion filed on July 13, 1994, upheld Chase's conviction. ECF No. 1; ECF No. 3-1 at 12. The court issued its mandate on August 12, 1994. ECF No. 3-1 at 12. Chase did not seek further review of his conviction and sentence. Chase's judgment of conviction thus became final in 1994. On January 17, 1997, Chase filed a petition for post-conviction relief in the Circuit Court for Prince George's County, which he withdrew on September 24, 1997. ECF No. 3-1. He filed another petition for post-conviction relief on October 24, 1997, which he withdrew on October 16, 1998. *Id.*

On February 11, 2005, Chase filed another petition for post-conviction relief. As a result of these proceedings, on November 30, 2005, he was granted the opportunity to file a belated motion for reconsideration of sentence.[3] ECF No. 1; ECF No. 3-1. The petition was denied in all other respects. *Id.* Chase filed an application for leave to appeal the denial of post-conviction relief which was denied on April 18, 2006. *Id.* The court issued its mandate on May 23, 2006. *Id.* On January 29, 2014, Chase moved to reopen the closed post-conviction proceedings. The motion was denied on August 1, 2014. ECF No. 3-1. Chase's application for leave to appeal the denial of the motion to reopen was denied on December 22, 2015; the court issued its mandate on January 26, 2016. *Id.*

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] Chase's belated motion for modification of sentence was denied on April 26, 2006. ECF No. 3-1.

## II.    ANALYSIS

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d). Although the statute is silent as to how it should be applied to persons like Chase, whose convictions were finalized before April 24, 1996, it was later clarified that such persons had one year from the effective date, i.e., until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one year period is, however, tolled while properly filed post-conviction proceedings are pending. 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Hernandez*, 225 F.3d at 439 (4th Cir. 2000).

Chase had no proceedings pending from the effective date of the AEDPA, April 24, 1996, until January 17, 1997, when he first filed a petition for post-conviction relief — a period of eight months. ECF No. 3-1. The statute of limitations was tolled from January 17, 1997, until Chase withdrew the petition on September 24, 1997. *Id.* Another month of the limitations period lapsed from the withdrawal of the petition on September 24, 1997, until Chase refiled a petition for post-conviction relief on October 24, 1997. *Id.* The balance of the limitations period expired between Chase's withdrawal of his post-conviction petition on October 16, 1998, and the date he refiled post-conviction proceedings, over seven years later, on December 1, 2005. ECF No. 1; ECF No. 3-1.

In *Holland v. Florida,* 560 U.S. 631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 633. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently

3

pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 649. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000).[4]

In his response, Chase indicates that he filed a motion for reconsideration of sentence which was denied on April 26, 2006, and that he had several petitions for post-conviction relief filed during his incarceration. ECF No. 7 at 1. Chase further offers that he has "continuously had some type of motion pending in the state courts." *Id.* As noted above, there were large periods of time where Chase did not have properly filed post-conviction proceedings pending which would toll the limitations period. Chase's arguments do not support equitable tolling of the limitations period.

Chase's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation); *Rouse v. Lee*, 339 F.3d 238, 248–49 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so

---

[4] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D. W.Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.).

exceptional as to merit equitable tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## III.   CONCLUSION

Under Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Chase does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts. A separate Order follows.

9/28/2016
Date

George J. Hazel
United States District Judge